IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LADONNA MARIE FAIR,                    §
                                       §
                    Plaintiff,         §
                                       §
VS.                                    §        Civil Action No. 3:25-CV-3121-D
                                       §
ALLY FINANCIAL INC.,                   §
                                       §
                    Defendant.         §

MEMORANDUM OPINION
AND ORDER

This lawsuit arises from the repossession of *pro se* plaintiff LaDonna Marie Fair's

("Fair's") vehicle after a Chapter 7 bankruptcy order of discharge.  Defendant Ally Bank

("Ally")[1] moves to dismiss under Fed. R. Civ. P. 12(b)(6), and Fair moves to compel

discovery.  For the reasons that follow the court grants Ally's motion, denies Fair's motion

without prejudice, and grants Fair leave to replead.

I

After Fair filed a voluntary Chapter 7 bankruptcy petition, the bankruptcy court

entered an order of discharge that provided, in pertinent part:

> Creditors cannot collect discharged debts . . . from the debtors
> personally . . . .  However, a creditor with a lien may enforce a
> claim against the debtors' property subject to that lien unless the
> lien was avoided or eliminated.  For example, a creditor may
> have the right to foreclose a home mortgage or repossess an
> automobile.

---

[1]Fair's state-court petition incorrectly names Ally as "Ally Financial Inc."

D. App. (ECF No. 29-2) at Ex. B.[2]  After Fair received the discharge, Ally repossessed Fair's vehicle.

According to Fair, after the court entered the discharge order and Ally repossessed her vehicle, Ally informed Fair that she owed multiple months of past-due payments.  Ally also sent Fair a notice, entitled "Notice of Our Plan to Sell Property" ("Notice"), that Fair alleges did not provide the required consumer disclosures governing disposition of collateral.  Ally then "disposed of the vehicle."  2d Am. Compl. ¶ 22.

Fair then filed this lawsuit against Ally in state court, alleging, *inter alia*, that Ally had "unlawfully" repossessed her 2020 Mercedes-Benz.  Ally removed the case to this court.  In Fair's second amended complaint, which is her operative pleading, she alleges that Ally's post-discharge collection conduct violated 11 U.S.C. §§ 524(a), 105(a), and 362(a) and Tex. Bus. & Com. Code Ann. §§ 9.610, 9.611, 9.614, and 9.625 (West 2021).

Ally moves to dismiss Fair's second amended complaint under Rule 12(b)(6).  Fair opposes Ally's motion, which the court is deciding on the briefs, without oral argument.

## II

*Pro se* complaints are to be liberally construed.  *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir. 1990).  And they are to be held to "less stringent standards than formal pleadings drafted by

---

[2]The court construes the second amended complaint in the light most favorable to Fair as the nonmovant, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in Fair's favor.  *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

lawyers[.]" *Haines*, 404 U.S. at 520.  Nevertheless, "[a]lthough pro se pleadings are to be liberally construed, they must state a 'plausible claim for relief to survive [] a motion to dismiss.'" *Little v. Tex. Att'y Gen.*, 2015 WL 5613321, at *2 (N.D. Tex. Sept. 24, 2015) (Fitzwater, J.) (alteration in original) (quoting *Scott v. Cohen*, 528 Fed. Appx. 150, 152 (3d Cir. 2013) (per curiam)), *aff'd sub nom. Little v. Obryan*, 655 Fed. Appx. 1027 (5th Cir. 2016).

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's second amended] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the

pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. at 678.

III

The court begins with Ally's contention that Fair's bankruptcy code claims fail as a matter of law.[3]

A

Fair brings a claim under 11 U.S.C. §§ 524(a) and 105(a) for "civil contempt for violation of discharge injunction," alleging that Ally willfully attempted to collect discharged debt by phone and by conditioning redemption on payment of discharged sums.  2d Am. Compl. ¶ 27.  Ally moves to dismiss this claim on the ground that § 524 does not create a private right of action for an alleged violation of the discharge injunction.  The court agrees.

This court has repeatedly held that § 524 "does not create a private right of action; the proper remedy for a § 524 violation is contempt."  *Price v. Am.'s Servicing Co.*, 2013 WL 1914939, at *3 (N.D. Tex. May 9, 2013) (Fitzwater, C.J.) (citing cases); *see also Lynch v. Deutsche Nat'l Tr. Co.*, 2025 WL 1885648, at *3 (N.D. Tex. July 8, 2025) (Pittman, J.); *Caban v. HSBC Mortg. Servs.*, 373 F.Supp.3d 709, 716 (N.D. Tex. 2016) (Godbey, J.).

---

[3]Ally maintains, as a preliminary matter, that Fair cannot state a claim for "wrongful repossession" because Ally's post-discharge repossession of Fair's vehicle was lawful and expressly authorized by the bankruptcy court's discharge order.  Fair clarifies in her response that her claims are not based on the *repossession*, but are, instead, based on Ally's post-discharge attempts to collect the discharged debt from Fair personally.

"And, that contempt action must be brought as a contested matter." *Lynch*, 2025 WL 1885648, at \*3 (citation omitted). "[S]ection 524 merely sets forth a debtor's rights under a discharge order and does not create a new private right of action for enforcement." *Caban*, 373 F.Supp.3d at 716. Fair's claim for the alleged violation of the discharge injunction fails because she has no private right of action that enables her to maintain such a claim. Her remedy is "to bring a motion for contempt or declaratory judgment in bankruptcy court."[4] *Id.* at 717.

Accordingly, the court grants Ally's motion and dismisses without prejudice Fair's claim for civil contempt for violation of discharge injunction under §§ 105(a) and 524.

B

Fair brings an alternative claim under 11 U.S.C. § 362(a) for willful violation of the automatic stay. Ally moves to dismiss this claim on the ground that the automatic stay was no longer in effect at the time of the challenged conduct. According to Ally,

> Plaintiff does not allege that the repossession occurred during the pendency of the stay, nor does she allege any conduct by Ally prior to the discharge that could constitute a stay violation. Her pleading instead asserts post-discharge conduct. Thus, even accepting Plaintiff's allegations as true, she cannot state a claim for relief under § 362 because the statutory protection she invokes was no longer operative at the time of the allegations.

D. Br. (ECF No. 29) at 6 (citation omitted). The court agrees.

---

[4]Nor can Fair bring her claim under § 105(a). As this court explained in *Price*, "§ 105(a) does not provide the private right of action absent from § 524." *Price*, 2013 WL 1914939, at \*4.

Once a discharge order is entered, the automatic stay is terminated, and the Bankruptcy Code's discharge provisions come into effect. *In re Dorvil*, 665 B.R. 35, 51 (Bankr. N.D. Tex. 2024) (Jernigan, C.J.). The discharge order in Fair's Chapter 7 bankruptcy was entered on July 30, 2025. Fair does not plead any conduct that occurred prior to that date that could have violated the automatic stay. *See, e.g.*, 2d Am. Compl. ¶ 16 (alleging that "[*a*]*fter repossession and after discharge*, Defendant communicated with Plaintiff by telephone and asserted that Plaintiff 'owed' multiple months of past-due payments, including seven months of payments." (emphasis added, bold font omitted)).

Accordingly, the court grants Ally's motion to dismiss Fair's alternative claim under 11 U.S.C. § 362(a) for violation of the automatic stay.

IV

Ally next moves to dismiss Fair's claim that it violated Tex. Bus. & Com. Code Ann. §§ 9.611 and 9.614 by "fail[ing] to provide compliant notice and consumer disclosures required by Texas law." 2d Am. Compl. ¶ 30.

Before disposing of collateral by public or private sale, Texas law requires a creditor to send "a reasonable authenticated notification of disposition" to the debtor. Tex. Bus. & Com. Code § 9.611(b); *see also id.* § 9.614 (detailing required contents and form of notification before disposition of collateral). In her second amended complaint, Fair alleges that the Notice Ally sent "failed to comply with Tex. Bus. & Com. Code §§ 9.611 and 9.614, including failure to provide required consumer disclosures governing disposition of collateral." Am. Compl. ¶ 20 (bold font omitted). But she does not plausibly plead what

- 6 -

"consumer disclosures" were missing or how the Notice otherwise failed to satisfy the requirements of §§ 9.611 or 9.614. Fair's conclusory allegations are insufficient to allege a plausible claim under Texas law.

In her response, Fair contends that the evidence she needs to support this claim, "including repossession notices, mailing records, internal servicing notes, auction documentation, and disposition records . . . are controlled by [Ally] and are the subject of [her] pending discovery requests," and that "[w]hether [Ally] provided compliant notices and whether the disposition of the vehicle was commercially reasonable are factual issues that cannot be resolved without discovery." P. Br. (ECF No. 30) at 4. But if Fair received the Notice—which she alleges she did—she would have in her possession sufficient evidence to plausibly allege any deficiencies found therein. The court is not persuaded that the evidence she needs to plausibly allege her claim is solely within Ally's possession.

Because Fair has failed to plausibly plead a violation of Tex. Bus. & Com. Code Ann. §§ 9.611 or 9.614, the court grants Ally's motion to dismiss Fair's claim for failure to provide required notice.

V

The court now turns to Fair's claim that Ally's disposition of Fair's vehicle was not commercially reasonable, in violation of Tex. Bus. & Com. Code §§ 9.610 and 9.625. Ally moves to dismiss this claim, contending that Fair "fails to even state that Ally disposed of the vehicle and fails to state a single fact of how that purported disposition was commercially unreasonable." D. Br. (ECF No. 29) at 8.

The UCC requires a secured creditor to be commercially reasonable in all aspects of collateral disposition, including the "method, manner, time, place, and other terms" of the disposition. Tex. Bus. & Com. Code Ann. § 9.610(b). For a secured party to enforce its security interest against collateral, it generally must "proceed in good faith," give "reasonable notification[,]" and act "in a commercially reasonable manner[.]" *See id.* § 9.625 cmt. 2. A secured creditor's actions may be commercially reasonable even if it could have obtained a greater amount in choosing a different time or method for the collateral disposition. *Id.* § 9.627(a). A secured creditor's disposition is commercially reasonable if the creditor makes the disposition "(1) in the usual manner on any recognized market; (2) at the price current in any recognized market at the time of the disposition; or (3) otherwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition." *id.* § 9.627(b).

In support of her commercially unreasonable disposition claim, Fair alleges the following:

> Defendant's disposition of the vehicle was not commercially reasonable. Based on contemporaneous market data from Kelley Blue Book, Edmunds, and NADA, the fair market value of the 2020 Mercedes-Benz CLA 250 at the time of repossession was approximately $15,000-$17,000, with a reasonable auction value of approximately $9,500-$11,500. Defendant nevertheless conditioned redemption on payment of discharged pre-petition obligations far exceeding the collateral's value, in violation of 11 U.S.C. § 542(a) and Tex. Bus. & Com. Code § 9.623.

2d Am. Compl. ¶ 31. These conclusory allegations do not provide any facts that enable the court to draw the reasonable inference that the disposition of Fair's vehicle was

- 8 -

unreasonable, and are insufficient to state a plausible claim.

Accordingly, the court grants Ally's motion to dismiss Fair's claim for violation of Tex. Bus. & Com. Code §§ 9.610 and 9.625.

VI

Although the court is granting Ally's motion to dismiss, it will grant Fair leave to replead. The court's usual practice when granting a motion to dismiss is to permit the plaintiff at least one opportunity to replead, unless it is clear that the defects are incurable or the plaintiff advises the court that she is unwilling or unable to amend in a manner that will avoid dismissal. *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." (citation omitted)). Furthermore, in granting leave to replead, the court takes into consideration that Fair is proceeding *pro se*. *See, e.g.*, *Smallwood v. Bank of Am.*, 2012 WL 32654, at *5 (N.D. Tex. Jan. 6, 2012) (Fitzwater, C.J.) (granting leave to file third amended complaint because plaintiffs were proceeding *pro se*). Fair must file her third amended complaint within 28 days of the date this memorandum opinion and order is filed.

VII

On April 1, 2026 Fair filed a motion to compel discovery, which may be mooted in whole or in part by Fair's forthcoming third amended complaint. The court therefore denies

- 9 -

without prejudice Fair's motion to compel.  If she has grounds to do so, Fair may file a renewed motion to compel within 14 days of filing her third amended complaint.

* * *

Accordingly, for the reasons explained, the court grants Ally's motion to dismiss, denies without prejudice Fair's motion to compel, and grants Fair 28 days from the date this memorandum opinion and order is filed to file a third amended complaint.

**SO ORDERED**.

May 11, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 10 -