IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LADONNA MARIE FAIR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-3121-D |
| | § | |
| ALLY FINANCIAL INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

This lawsuit arises from the repossession of *pro se* plaintiff LaDonna Marie Fair's ("Fair's") vehicle after a Chapter 7 bankruptcy order of discharge. Defendant Ally Bank ("Ally") moves to dismiss Fair's third amended complaint under Fed. R. Civ. P. 12(b)(6), and Fair moves to compel discovery and for an extension of the discovery deadline. For the reasons that follow, the court grants Ally's motion, denies Fair's motions without prejudice, and grants Fair leave to replead.

I

The court assumes the parties' familiarity with its memorandum opinion and order in *Fair v. Ally Financial Inc.* (*Fair I*), 2026 WL 1284867 (N.D. Tex. May 11, 2026) (Fitzwater, J.), and recounts only the facts and procedural history necessary to understand the present decision.

Following entry of a Chapter 7 bankruptcy discharge on July 30, 2025, Ally

repossessed Fair's vehicle.[1]  Fair alleges that, in violation of the bankruptcy court's order of discharge, Ally demanded that Fair pay over $5,000 in past-due payments and fees; informed her that she remained personally liable for the loan balance and could owe a deficiency balance after auction of the vehicle; repossessed the vehicle at her workplace and in the presence of her coworkers; and failed to provide pre-disposition notice and post-disposition accounting, as required under the Texas Business and Commerce Code.

Fair sued Ally in state court, and Ally removed the case to this court.  In her second amended complaint, Fair alleged that Ally's post-discharge collection conduct violated 11 U.S.C. §§ 524(a), 105(a), and 362(a) and Tex. Bus. & Com. Code Ann. §§ 9.610, 9.611, 9.614, and 9.625 (West 2021).

In *Fair I* the court dismissed all of Fair's claims under Rule 12(b)(6), but it granted her leave to replead.  In her third amended complaint, which is the operative pleading, Fair again alleges claims for civil contempt for violation of the discharge injunction under 11 U.S.C. §§ 524(a)(2) and 105(a) and 28 U.S.C. §§ 1334(b) and 157(a); willful violation of the automatic stay in violation of 11 U.S.C. § 362(a); failure to provide required pre-disposition notice in violation of Tex. Bus. & Com. Code Ann. §§ 9.611, 9.614, and 9.625(b)-(c); and

---

[1]In deciding Ally's motion, the court construes the third amended complaint in the light most favorable to Fair, accepts all well-pleaded factual allegations, and draws all reasonable inferences in her favor. *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).  "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

commercially unreasonable disposition under Tex. Bus. & Com. Code Ann. §§ 9.610 and 9.625(b).

Ally moves to dismiss Fair's third amended complaint. Fair opposes the motion and separately moves to compel discovery responses and for an extension of the July 15, 2026 discovery deadline set out in the court's December 31, 2025 scheduling order. The court is deciding the motions on the briefs, without oral argument.[2]

II

The court begins by setting out the standards that govern Ally's motion to dismiss. *Pro se* complaints are to be liberally construed. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir. 1990). And they are to be held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines*, 404 U.S. at 520. Nevertheless, "[a]lthough pro se pleadings are to be liberally construed, they must state a 'plausible claim for relief to survive [] a motion to dismiss.'" *Little v. Tex. Att'y Gen.*, 2015 WL 5613321, at *2 (N.D. Tex. Sept. 24, 2015) (Fitzwater, J.) (alteration in original) (quoting *Scott v. Cohen*, 528 Fed. Appx. 150, 152 (3d Cir. 2013) (per curiam)), *aff'd sub nom. Little v. Obryan*, 655 Fed. Appx. 1027 (5th Cir. 2016).

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's third amended] complaint by 'accept[ing] all well-pleaded facts as true, viewing

---

[2]Fair filed her response to Ally's motion to dismiss on June 2, 2026. Ally's reply, if it opted to file one, was due on June 16, 2026. No reply has been filed, and the motion is ripe for decision.

them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (brackets omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

III

Ally first contends, as it did in *Fair I*, that Fair's bankruptcy code claims fail as a matter of law because 11 U.S.C. § 362 (the automatic stay provision) no longer applied post discharge and 11 U.S.C. § 524 cannot be enforced through a private civil action.

- 4 -

A

Regarding Fair's claim for violation of 11 U.S.C. § 362, Fair does not contest the holding in *Fair I* that the automatic stay terminated at discharge. *See* P. Br. (ECF No. 44) at 6. Accordingly, the court grants Ally's motion to dismiss this claim.

B

The court next considers Fair's claim for civil contempt for violation of the discharge injunction. In her response to Ally's motion to dismiss, Fair contends that she has not asserted a private right of action under § 524 but, instead, brings a civil contempt claim under 11 U.S.C. § 105(a) and the court's inherent authority under 28 U.S.C. § 1334(b). But as this court explained in *Fair I*, Fair's remedy for Ally's alleged violation of the discharge injunction is "to bring a motion for contempt or declaratory judgment *in bankruptcy court*," *Fair I*, 2026 WL 1284867, at *2 (emphasis added) (quoting *Caban v. HSBC Mortg. Servs.*, 373 F.Supp.3d 709, 717 (N.D. Tex. 2016) (Godbey, J.)), which she did on June 2, 2026.[3]

Accordingly, for the reasons explained in *Fair I*, the court dismisses Fair's claim for civil contempt for violation of the discharge injunction.

---

[3]The court takes judicial notice of the following uncontested facts. *See, e.g.*, *Cox v. Richards*, 761 Fed. Appx. 244, 248 (5th Cir. 2019) (per curiam) ("A district court may take judicial notice of public records without converting a Rule 12(b)(6) motion into a motion for summary judgment. The district court's consideration of publicly available records in Cox's prior bankruptcy proceedings was not error." (citations omitted)). After this court entered its memorandum opinion and order in *Fair I*, Fair filed in the bankruptcy court a motion for civil contempt and sanctions for willful violation of discharge injunction pursuant to 11 U.S.C. §§ 524(a)(2) and 105(a). Following a hearing, the bankruptcy court denied Fair's motion on June 29, 2026.

IV

The court next addresses Fair's claim that Ally violated Tex. Bus. & Com. Code Ann. §§ 9.611 and 9.614[4] by failing to provide pre-disposition notice, as required under Texas law.

A

Before disposing of collateral by public or private sale, Texas law requires a creditor to send "a reasonable authenticated notification of disposition" to the debtor.  Tex. Bus. & Com. Code § 9.611(b); *see also id.* § 9.614 (detailing required contents and form of notification before disposition of collateral).  Fair alleges in her third amended complaint that Ally's Disposition Notice ("Notice") violated § 9.614 in three respects: (1) it is "internally self-contradicting" because page 1 contains a bankruptcy disclaimer stating that Fair is no longer personally liable for the debt while page 2 demands $5,473.00 in past-due payments and instructs Fair to "start making your payments again"; (2) the Notice demands $5,473.00 in discharged pre-petition payment obligations as a precondition of cure under Tex. Bus. & Com. Code Ann § 9.623, without disclosing that no such personal payments are legally owed post-discharge; and (3) the Notice fails to provide a compliant accounting of the unpaid indebtedness, as required by § 9.614(1)(C).  3d Am. Compl. ¶ 45.  The court will address each of these allegations in turn.

---

[4]Fair also alleges that Ally violated Tex. Bus. & Com. Code Ann. § 9.625, but this provision merely sets out the remedies for a violation of Chapter 9.  *See* Tex. Bus. & Com. Code Ann. § 9.625(b)-(c).

B

Ally contends that the Notice is not "internally self-contradicting"—it correctly states the legal consequence of the bankruptcy discharge on page 1 and provides the *in rem* secured obligation as required under Texas law on page 2—and, in any event, Fair's allegation does not state a plausible claim under Tex. Bus. & Com. Code Ann. §§ 9.611 or 9.614. The court agrees.

The Notice[5] states, on page 1:

> To the extent you are a party protected by bankruptcy, we acknowledge the existence of the automatic stay and/or co-debtor stay prevents collection of this debt from you personally and/or if you have received a discharge, that you are no longer personally responsible for this debt.

D. App. (ECF No. 43-3) at Ex. C. It then provides, on page 2: "[i]n addition to being able to get your vehicle back by paying the full amount you owe, you can also get it back any time before we sell it by paying all past due payments, late charges and expenses [($5,473 .00 as of the date of the Notice)]." *Id.*

Fair maintains in her response brief that "[a] notice that tells a discharged individual she is not personally responsible on page 1 and instructs her to start making payments on page 2 does not provide the clear, accurate consumer disclosure § 9.614 requires." P. Br. (ECF No. 44) at 7. But Fair has not plausibly pleaded that the Notice actually violates Tex.

---

[5]Because Fair specifically refers to this document in her third amended complaint, the court may consider it in deciding Ally's motion to dismiss. *Lone Star Fund V (U.S.), L.P.*, 594 F.3d at 387.

Bus. & Com. Code Ann. § 9.614.  Section 9.614 requires that a notification of disposition

must provide the following information:

> (A) the information specified in Section 9.613(1);
> (B) a description of any liability for a deficiency of the person
> to which the notification is sent;
> (C) a telephone number from which the amount that must be
> paid to the secured party to redeem the collateral under Section
> 9.623 is available; and
> (D) a telephone number or mailing address from which
> additional information concerning the disposition and the
> obligation secured is available.

*Id.*[6]  The allegedly "internally self-contradicting" statements on which Fair bases her claim

do not violate any of the requirements set out in either § 9.614 or § 9.613.  Accordingly, to

the extent that Fair bases her §§ 9.611 and 9.614 claim on the so-called "internally self-

contradicting" statements in the Notice, the court grants Ally's motion to dismiss this claim.

---

[6]Tex. Bus. & Com. Code Ann. § 9.613(1) provides that the contents of a notification
of disposition are sufficient if the notification:

> (A) describes the debtor and the secured party;
> (B) describes the collateral that is the subject of the intended
> disposition;
> (C) states the method of intended disposition;
> (D) states that the debtor is entitled to an accounting of the
> unpaid indebtedness and states the charge, if any, for an
> accounting; and
> (E) states the time and place of a public disposition or the time
> after which any other disposition is to be made.

*Id.*

C

Fair next alleges that Ally violated the statute because "the Notice demands $5,473.00 in discharged pre-petition payment obligations—representing past-due installments and fees—as a precondition of cure under § 9.623, without disclosing that no such personal payments are legally owed post-discharge." 3d Am. Compl. ¶ 45. This allegation, however, is belied by the Notice itself, which clearly states that Fair is "no longer personally responsible for this debt." D. App. (ECF No. 43-3) at Ex. C. Moreover, as Ally correctly argues in its motion, Fair does not state a plausible claim under § 9.611 or § 9.614 "because § 9.614 requires a description of deficiency and § 9.623 expressly allows for the right to redeem, which is exactly what Plaintiff alleges Ally did here." D. Br. (ECF No. 43) at 8.

Fair contends in her response brief that the $5,473.00 Ally demanded consists entirely of discharged pre-petition installment arrears and that conditioning § 9.623 redemption on payment of an obligation the debtor has no legal duty to pay is not a valid redemption condition. But Fair cites no authority for the proposition that a creditor cannot condition redemption on payment of a debt discharged in bankruptcy. In any event, she has not plausibly pleaded a claim for a violation of § 9.623. Fair alleges only that Ally violated §§ 9.611 and 9.614. Not only does Ally's statement that Fair can get her vehicle back by paying $5,473.00 in past due payments, late charges, and expenses not violate either of these provisions; it *complies* with § 9.614(1)(B), which requires that a notification of disposition must provide "a description of any liability for a deficiency." The Notice does just that: it provides a description of the amount owed on the vehicle.

- 9 -

Accordingly, the court grants Ally's motion to dismiss Fair's claim under Tex. Bus. & Com. Code Ann. §§ 9.611 and 9.614 to the extent that it is based on an allegedly "[l]egally impermissible redemption demand." P. Br. (ECF No. 44) at 7.

D

Fair alleges, third, that the Notice fails to provide a compliant accounting of the unpaid indebtedness, as required by § 9.614(1)(C), which requires that a notification of disposition must provide "a telephone number from which the amount that must be paid to the secured party to redeem the collateral under Section 9.623 is available."[7] Ally moves to dismiss this ground of Fair's claim, arguing that "a look at the Notice . . . shows that Ally specifically provided an accounting in exact compliance with Texas law." D. Br. (ECF No. 43) at 9. The court agrees. The Notice states the amount that is owed on the vehicle ($5,473.00 as of the date of the Notice) and provides, further:

> [t]o learn the exact amount you must pay, call us at the telephone number at the top of this letter. . . . If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at the telephone number at the top of this letter or write us at the address at the top of this letter and request a written explanation.

D. App. (ECF No. 43-3) at Ex. C. This language is sufficient to comply with the notice

---

[7]Fair contends in her response brief that § 9.614(1)(C) requires "a description of 'how the debtor or secondary obligor is entitled to an accounting of the unpaid indebtedness and the charge, if any, for that accounting.'" P. Br. (ECF No. 44) at 7. The quoted language appears to actually come from Tex. Bus. & Com. Code Ann. § 9.613(1)(D), which provides "[t]he contents of a notification of disposition are sufficient if the notification . . . states that the debtor is entitled to an accounting of the unpaid indebtedness and states the charge, if any, for an accounting."

requirements of § 9.614(1)(C) and, in fact, tracks the suggested language provided in Tex. Bus. & Com. Code Ann. § 9.614(3).[8]

Accordingly, the court grants Ally's motion to dismiss Fair's claim under Tex. Bus. & Com. Code Ann. §§ 9.611 and 9.614 to the extent it is based on an alleged "[m]issing § 9.614(1)(C) accounting statement."  P. Br. (ECF No. 44) at 7.

V

The court now turns to Fair's claim for "Commercially Unreasonable Disposition" under Tex. Bus. & Com. Code Ann. § 9.610.[9]

Section 9.610(b) requires that "[e]very aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable."  For a secured party to enforce its security interest against collateral, it generally must "proceed in good faith," give "reasonable notification[,]" and act "in a commercially reasonable

---

[8] Tex. Bus. & Com. Code Ann. § 9.614(3) provides, in pertinent part:

> The following form of notification, when completed, provides sufficient information: . . . If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at _____ [telephone number] [or write us at _____ [secured party's address] _____] and request a written explanation. [We will charge you $_____ for the explanation if we sent you another written explanation of the amount you owe us within the last six months.]

(brackets in original).

[9] Again, Fair also alleges that Ally violated Tex. Bus. & Com. Code Ann. § 9.625, but as stated above, *see supra* note 4, this provision merely sets out the available remedies for a violation of Chapter 9.  *See* Tex. Bus. & Com. Code Ann. § 9.625(b)-(c).

manner[.]"  *See id.* § 9.625 cmt. 2.  A secured creditor's actions may be commercially reasonable even if it could have obtained a greater amount in choosing a different time or method for the collateral disposition.  *Id.* § 9.627(a).  A secured creditor's disposition is commercially reasonable if the creditor makes the disposition "(1) in the usual manner on any recognized market; (2) at the price current in any recognized market at the time of the disposition; or (3) otherwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition."  *Id.* § 9.627(b).

Fair alleges in the third amended complaint that she "has confirmed through independent investigation that the Vehicle is currently located [in Hutchins, Texas] and *has not yet been sold*."  3d Am. Compl. ¶ 30 (emphasis added).  Ally moves to dismiss Fair's claim under § 9.610 on the ground that, because the third amended complaint alleges that Ally has not sold the vehicle, it is impossible for Fair to also allege that Ally sold the vehicle in a commercially unreasonable manner.  The court agrees.

Fair contends in her opposition response that "[t]hree independently sufficient commercially unreasonable process elements are fully plead[ed] and already complete regardless of whether a sale has occurred": (1) Ally conditioned Fair's redemption right under § 9.623 on payment of $5,473.00 in discharged debt that Fair had no legal duty to pay; (2) Ally failed to provide a compliant pre-disposition notice under Tex. Bus. & Com. Code Ann. §§ 9.611 and 9.614; and (3) Ally has not met its burden to prove commercial reasonableness.  P. Br. (ECF No. 44) at 8.  But Fair provides no authority for the proposition that a creditor can be held liable for a commercially unreasonable disposition under Tex. Bus.

- 12 -

& Com. Code Ann. § 9.610 when there has, in fact, been no disposition of the property. Nor has the court found any such authority on its own.

Accordingly, because Fair has alleged that the vehicle has not been sold, her commercially unreasonable disposition claim must fail. The court accordingly grants Ally's motion to dismiss this claim.

VI

Although the court is granting Ally's motion to dismiss, and although Fair has already twice amended her complaint, the court will grant Fair another opportunity to replead. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig*., 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Fair has not stated that she cannot, or is unwilling to, cure the defects that the court has identified. To the contrary, she explicitly requests leave to amend if the court "determines that any pleading deficiency remains in any count of the [third amended complaint]." P. Br. (ECF No. 44) at 9. Moreover, plaintiffs have cured pleading defects when amending after a motion to dismiss has been granted. *See, e.g., Reneker v. Offill*, 2010 WL 1541350, at *2, *7 (N.D. Tex. Apr. 19, 2010) (Fitzwater, C.J.) (concluding, after twice granting motions to dismiss, that plaintiff's second amended complaint stated claim on which relief could be granted). And in granting leave to replead,

- 13 -

the court takes into consideration that Fair is proceeding *pro se*. *See, e.g.*, *Smallwood v. Bank of Am.*, 2012 WL 32654, at *5 (N.D. Tex. Jan. 6, 2012) (Fitzwater, C.J.) (granting leave to file third amended complaint because plaintiffs were appearing *pro se*).

The court therefore grants Fair 28 days from the date this memorandum opinion and order is filed to file a fourth amended complaint. If Fair repleads, Ally may move anew to dismiss, if it has grounds to do so.

## VII

Pending before the court are the following motions, which may be mooted in whole or in part by Fair's forthcoming fourth amended complaint: Fair's renewed motion to compel discovery responses and request for sanctions, Fair's motion to extend discovery deadline, and Fair's supplement to renewed motion to compel discovery responses and request for sanctions. The court denies these motions without prejudice. If she has grounds to do so, Fair may file a renewed motion to compel and to extend the discovery deadline within 14 days of filing her fourth amended complaint.

\* \* \*

Accordingly, for the reasons explained, the court grants Ally's motion to dismiss, denies without prejudice Fair's motions to compel and motion to extend discovery deadline, and grants Fair 28 days from the date this memorandum opinion and order is filed to file a

- 14 -

fourth amended complaint.

      **SO ORDERED**.

      July 27, 2026.


_____
SIDNEY A. FITZWATER
SENIOR JUDGE