IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LADONNA MARIE FAIR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-3121-D |
| | § | |
| ALLY FINANCIAL INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Senior United States District Judge Sidney A. Fitzwater referred to the undersigned United States magistrate judge for recommendation under 28 U.S.C. § 636(b) Plaintiff LaDonna Marie Fair's motion for temporary restraining order ("TRO") and preliminary injunction. *See* Dkt. Nos. 36 & 38.

As ordered, Defendant Ally Bank ("Ally") filed a response, and Fair filed a reply brief. *See* Dkt. Nos. 39-41.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny a TRO or a preliminary injunction.

## Legal Standards

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

But granting a preliminary injunction "is an extraordinary remedy which

requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

And, so, to obtain preliminary injunctive relief, a movant must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

And the United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

"The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Canal Auth.*, 489 F.2d at 576.

> It often happens that this purpose is furthered by preservation of the status quo, but not always. If the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested status quo between the parties, by the issuance of a mandatory injunction, or by allowing the parties to take proposed action that the court finds will minimize the irreparable injury.

*Id.* (citations omitted).

Regardless, the decision on a motion seeking a preliminary injunction does "not amount to a ruling on the merits" of a movant's claims, *Jonibach Mgmt. Trust v. Wartburg Enters., Inc.*, 750 F.3d 486, 491 (5th Cir. 2014), considering that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits" and "may be challenged at a later stage of the proceedings," *id.* (cleaned up).

And, so, a preliminary injunction is not a device "to give a plaintiff the ultimate relief he seeks" through his claims. *Peters v. Davis*, No. 6:17-cv-595, 2018 WL 11463602, at 2 (E.D. Tex. Mar. 28, 2018); *accord Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("This Court has repeatedly recognized that the purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."); *Kane v. De Blasio*, 19 F.4th 152, 163 (2d Cir. 2021) ("The purpose of a preliminary injunction is not to award the movant the ultimate relief sought in the suit but is only to preserve the status quo by preventing during the pendency of the suit the occurrence of that irreparable sort of harm which the movant fears will occur." (cleaned up)).

A motion for a preliminary injunction is therefore properly denied when it is no more than a "motion to win."

**Analysis**

The pending motion for a TRO or preliminary injunction was filed in conjunction with Fair's third amended complaint [Dkt. No. 35].

And the Court has now granted Ally's motion to dismiss the third amended

complaint under Federal Rule of Civil Procedure 12(b)(6) and granted Fair leave to file a fourth amended complaint, *see* Dkt. No. 56, which she did, on August 24, 2026, *see* Dkt. No. 57.

So, for the reasons the Court set out in its memorandum opinion and order [Dkt. No. 56], Fair has not shown a substantial likelihood that she will prevail on the merits of the claims on which she has moved for a TRO or preliminary injunction. *See, e.g.*, *Fuller v. City of Dall.*, No. 3:24-cv-1194-K-BN, 2024 WL 2853300, at *2 (N.D. Tex. May 20, 2024) ("The above reasons for why the lawsuit should be dismissed necessarily also explain why Fuller has not shown a substantial likelihood of success on the claims in the complaint, so the Court should deny the TRO motion." (citing *Bluefield*, 577 F.3d at 252-53)), *rec. accepted*, 2024 WL 2853959 (N.D. Tex. June 4, 2024); *cf. Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 797 (5th Cir. 2017) (per curiam) ("Once filed, that amended complaint rendered all earlier motions, including [Plaintiff's] motion for partial summary judgment, moot." (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam))).

**Recommendation**

The Court should deny Plaintiff LaDonna Marie Fair's motion for temporary restraining order and preliminary injunction [Dkt. Nos. 36].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 1, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE